ETHEL LEVEY, Respondent, *v.* THE THOMAS J. STEWART COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, June, 1922.

Actions — complaint dismissed for failure of prosecution — City Court of New York.

In December, 1913, an action was begun in the City Court of New York to recover rugs delivered six years before to defendant to be cleaned. Issue was joined in March, 1914, and cross-notices of trial served for May, 1914, resulted under the calendar practice in the cause being first called for trial in April, 1915, when plaintiff was absent from this country, and automatically the case reappeared on two subsequent calendar calls without any result. *Held,* that an order denying the motion to dismiss the complaint for failure to prosecute will be reversed, with costs and disbursements, and the motion granted, with costs.

APPEAL by defendant from an order denying its motion to dismiss the complaint for failure of prosecution in the City Court of the city of New York.

*Walton, Bannister & Hubbard (Daniel Day Walton* and *William O. Hubbard,* of counsel), for appellant Edward W. Stitt, Jr.

*House, Grossman & Vorhaus (Alfred Beekman* and *Benedict A. Leerburger,* of counsel), for respondent.

*Per Curiam.* This action was begun in December, 1913, for the recovery of five rugs alleged to have been delivered to defendant for cleaning in 1907. Issue was joined in March, 1914. Cross notices of trial were served for May, 1914, which resulted under the City Court calendar practice in the cause being first called in April, 1915, while plaintiff was absent from this country. Under the same practice the case reappeared automatically on one or two subsequent call calendars without any result. Issues as late as April 14, 1921, have been reached in their regular order and disposed of.

We think even without the affidavit of defendant showing the death and disappearance of witnesses and attorneys respectively from which the inevitable inference is that defendant would be seriously prejudiced by being called upon to try the case at this late date, that the mere narration of the dates and the length of plaintiff's complete inaction in the premises shows convincingly an intention to abandon the litigation.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

All concur.

Order reversed.